David Ben-Meir (SBN 192028)
David@benmeirlaw.com
BEN-MEIR LAW GROUP
3818 Sherview Dr.
Sherman Oaks, California 91403-5033
Tel: 818-903-0007
Fax: 818-788-1449

Attorneys for Plaintiff
Robert Stepanyan

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT STEPANYAN, an individual, on behalf of himself and all others similarly situated,<br>Plaintiff,<br><br>vs.<br><br>80STEES.COM, INC.,<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Robert Stepanyan ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following.

## I. INTRODUCTION

1. This action is brought against Defendant 80Stees.Com, Inc. ("80sTees" or "Defendant") for false and deceptive pricing practices in connection with Defendant's sale of apparel and related products through https://www.80stees.com/ (the "Website"). Defendant markets and sells retro-themed T-shirts, sweatshirts, and other apparel and merchandise through the Website.[1]

2. Defendant advertises comparison reference prices and percentage or dollar discounts that create the impression that its products are being offered at substantial, limited-time bargains. Consumers visiting the Website may see products advertised with higher "regular," original, or comparison prices alongside lower purported sale prices, or may receive promotional offers stated as a percentage off Defendant's regular prices. Defendant thereby represents that consumers are receiving meaningful discounts from prices at which the products ordinarily sold or recently prevailed.

3. Defendant's advertised bargains are false or materially exaggerated when the stated reference prices are not bona fide former or prevailing prices, or when Defendant offers the same or substantially similar discounts continuously or nearly continuously. Inflated reference prices mislead consumers about both the value of the products and the magnitude of the supposed savings. Limited-time language and expiring promotions intensify that deception by pressuring consumers to purchase before a purported bargain disappears.

4. Defendant uses promotional pricing, sitewide sales, and related advertising to induce consumers to purchase apparel and other goods from the Website.

---

[1] The time period for Plaintiff's allegations herein is through May 2026. Defendant appears to have discontinued the use of comparison prices on or about May 2026 and now advertise "lower prices" with the purported discounted prices being listed without a falsely inflated reference price.




*Captured March 26, 2026 (Internet Archive)*

5. As a result, consumers are induced to spend money they otherwise would not have spent, to purchase products they otherwise would not have purchased, and to pay more than they otherwise would have paid if Defendant had truthfully disclosed its ordinary selling prices and the actual value of its purported discounts.

6. Through this action, Plaintiff seeks to recover damages and restitution for consumers who purchased products from the Website after being shown false or misleading reference prices or discounts during the applicable limitations periods.

## II. PARTIES

7. Plaintiff Robert Stepanyan is a citizen of California residing in Woodland Hills, California.

8. On information and belief, Defendant 80Stees.Com, Inc. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 230 Westec Drive, Suite A, Mount Pleasant, Pennsylvania 15666. Defendant conducts business through the Website, www.80stees.com.

## III. JURISDICTION AND VENUE

9. This Court has jurisdiction under the Class Action Fairness Act of 2005. Under 28 U.S.C. § 1332(d)(2), the aggregate claims of the proposed class members exceed $5 million, exclusive of interest and costs, and at least one proposed class member is a citizen of a state different from Defendant.

10. This Court has personal jurisdiction over Defendant because Defendant purposefully directs commercial activities to California, including by advertising, selling, and shipping products to California consumers through the Website. Defendant has transacted business with Plaintiff and

other California consumers and has purposefully availed itself of the California market.

11. The claims asserted in this Complaint arise out of or relate to Defendant's California-directed conduct, including the online sale and shipment of products to Plaintiff in this District. Defendant is therefore subject to specific personal jurisdiction in California.

12. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, including Defendant's sale and shipment of the products at issue to Woodland Hills, California.

## IV. APPLICABLE LAW

13. Plaintiff is a citizen and resident of California. Plaintiff accessed the Website, viewed Defendant's pricing representations, and ordered products for delivery to Woodland Hills, California.

14. California's substantive laws may be constitutionally applied to the claims of Plaintiff under the Due Process Clause, 14th Amend. §1, and the Full Faith and Credit Clause, Art. IV §1 of the U.S. Constitution. California has significant contacts, or significant aggregation of contacts, to the claims asserted by Plaintiff, thereby creating state interests that ensure that the choice of California state law is not arbitrary or unfair.

15. California has an interest in regulating Defendant's conduct under its laws, and Defendant's engagement in the challenged conduct directed at and affecting California consumers renders the applicability of California law to the claims herein constitutionally permissible.

16. The application of California laws is also appropriate under California's choice of law rules because California has significant contacts to the claims of Plaintiff, and California has a greater interest in applying its laws here than any other interested state.

## V. GENERAL ALLEGATIONS

### a. Defendant's Deceptive Sales

17. On information and belief, 80sTees is an online retailer that makes, markets and sells retro-themed, officially licensed T-shirts, sweatshirts, and related apparel and merchandise exclusively on its Website.

18. Defendant's marketing has used discounts and promotional pricing to encourage consumers to purchase products from the Website. Defendant has advertised products using purported regular or comparison prices, percentage-off offers, and other claims of savings that create the impression of a genuine bargain.

19. Many of Defendant's promotions represent that products are marked down from higher regular or comparison prices. Such pricing formats convey that the higher price is a bona fide price at which Defendant recently offered or sold the product and that the lower price is a meaningful temporary reduction.

20. A reference price is false or misleading when Defendant rarely, if ever, offered the product at that price for a reasonably substantial period in the recent and regular course of business, or when the supposed discount is available continuously or nearly continuously.

21. The purpose and effect of a false reference price is to lead consumers to believe that the product has a higher ordinary market value and that the advertised selling price provides savings that consumers would lose by delaying their purchases.

22. These tactics are designed to cause consumers to act quickly to obtain the advertised bargain. They are misleading when the same or substantially similar discounts recur so frequently that the represented regular prices are not the prices consumers ordinarily pay.

23. Based on counsel's prefiling investigation, Defendant offered the relevant products through recurring sales or promotions and displayed reference prices that did not reflect bona fide former or prevailing prices.

24. Defendant's pricing practices demonstrate a pattern of using higher comparison prices or stated percentage discounts to create the appearance of savings across products sold on the Website. However, the advertised savings on the Website are false and misleading, because Defendant rarely, if ever, sells its products at the higher comparison price. Defendant's Website continuously, or nearly continuously, offered purported 30% sitewide discounts for a period of months and years, as can be seen from the below sampling of screenshots from the Internet Archive of the Website:


Go
MAR APR MAY
18
2023 2024 2025
About this capture
Account
30% OFF Sitewide!
Top Sellers
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Distressed Talk To Me Goose Top Gun T-Shirt
From $27.99 $39.99
He-Man Do You Even Lift Bro Masters of the Universe T-Shirt
From $27.99 $39.99
Quint's Shark Fishing Jaws T-Shirt
Quick support


Go
MAR MAY JUN
03
2023 2024 2025
About this capture
Account
30% OFF Sitewide!
Top Sellers
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Distressed Talk To Me Goose Top Gun T-Shirt
From $27.99 $39.99
He-Man Do You Even Lift Bro Masters of the Universe T-Shirt
From $27.99 $39.99
ThunderCats Logo T-Shirt
From $31.49 $44.99
Quick support


Go
MAY JUN JUL
10
2023 2024 2025
About this capture
30% OFF Sitewide!
Father's Day
Rad Dads Deserve 80s Nostalgia.
WWE Legends Father's Day T-Shirt
From $29.39 $41.99
Best Pops Ever Popeye T-Shirt
From $27.99 $39.99
Turtley Awesome Father T-Shirt
From $27.99 $39.99
Who's Your Papa? Smurfs T-Shirt
From $27.99 $39.99


Go
JUL AUG SEP
03
2023 2024 2025
About this capture
Account
30% OFF Sitewide!
Top Sellers
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Hawk Hauling Logo Over The Top T-Shirt
From $27.99 $39.99
Shredded Bubble Gum Big League Chew T-Shirt
From $27.99 $39.99
Retro Tough Stripes Tonka T-Shirt
Quick support


Go
AUG SEP NOV
23
2023 2024 2025
About this capture
30% OFF Sitewide!
Top Sellers
Retro Tough Stripes Tonka T-Shirt
From $27.99 $39.99
Hawk Hauling Logo Over The Top T-Shirt
From $27.99 $39.99
Distressed Save Ferris Bueller T-Shirt
From $29.39 $41.99
Distressed Talk To Me Goose Top Gun T-Shirt
From $27.99 $39.99


Go
AUG OCT NOV
01
2023 2024 2025
About this capture
30% OFF Sitewide!
Happy Halloween
Can't Kill The Boogeyman Halloween T-Shirt
From $27.99 $39.99
Camp Crystal Lake Counselor Friday the 13th T-Shirt
From $27.99 $39.99
Buffalo Bill's Body Lotion Silence of the Lambs T-Shirt
From $27.99 $39.99
Handbook For The Recently Deceased Beetlejuice T-Shirt
Quick support


Go
SEP OCT NOV
11
2023 2024 2025
About this capture
Account
30% OFF Sitewide!
Happy Halloween
Camp Crystal Lake Counselor Friday the 13th T-Shirt
Can't Kill The Boogeyman Halloween T-Shirt
From $27.99 $39.99
Let's Watch Horror Movies T-Shirt
From $27.99 $39.99
Vintage Universal Monsters
Quick support


Go
DEC JAN FEB
09
2024 2025 2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
TALK TO ME GOOSE
WOODEN SPOON SURVIVOR
DO YOU EVEN LIFT BRO
Distressed Talk To Me Goose Top Gun T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
He-Man Do You Even Lift Bro Masters of the Universe T-Shirt
From $27.99 $39.99
Distressed Army Green GI Joe T-Shirt
Quick support



Go
FEB MAR APR
20
2024 2025 2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
RAD
33
I GOT NO TIME FO JIBBA JABBA
WOODEN SPOON SURVIVOR
HEY LASERLIPS YOUR MOMMA WAS A SNOWBLOWER
Cru Jones Rad T-Shirt
From $27.99 $39.99
Mr. T Jibba Jabba T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Your Momma Was A
Quick support




Go
FEB MAR APR
22
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
RAD
33
DUMPSTER FIRE RESPONSE TEAM
I GOT NO TIME FO JIBBA JABBA
WOODEN SPOON SURVIVOR
Cru Jones Rad T-Shirt
From $27.99 $39.99
Dumpster Fire Response Team T-Shirt
From $31.49 $44.99
Mr. T Jibba Jabba T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99


Go
FEB MAR MAY
27
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
RAD
WOODEN SPOON SURVIVOR
DUMPSTER FIRE RESPONSE TEAM
RAD
Cru Jones Rad T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Dumpster Fire Response Team T-Shirt
From $31.49 $44.99
Cru Jones Silhouette Rad T-Shirt
From $27.99 $39.99


Go
FEB APR MAY
03
2024 2025 2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
WOODEN SPOON SURVIVOR
RAD
DUMPSTER FIRE RESPONSE TEAM
SAVE FERRIS
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Cru Jones Rad T-Shirt
From $27.99 $39.99
Dumpster Fire Response Team T-Shirt
From $31.49 $44.99
Distressed Save Ferris
Quick support


Go
MAR
APR
MAY
15
2024
2025
2026
About this capture
30% OFF Sitewide!
Top Sellers
DICK THE BRUISER
THE WORLD'S MOST DANGEROUS WRESTLER
WOODEN SPOON SURVIVOR
GEN X
RAISED ON HOSE WATER AND NEGLECT
I GOT NO TIME FO JIBBA JABBA
The World's Most Dangerous Wrestler Dick The Bruiser T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $31.49 $44.99
Mr. T Jibba Jabba T-Shirt
From $27.99 $39.99
Quick support


Go
MAR
APR
MAY
27
2024
2025
2026
About this capture
30% OFF Sitewide!
Top Sellers
WOODEN SPOON SURVIVOR
SAVE FERRIS
I GOT NO TIME FO JIBBA JABBA
RAD
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Distressed Save Ferris Bueller T-Shirt
From $29.39 $41.99
Mr. T Jibba Jabba T-Shirt
From $27.99 $39.99
Cru Jones Rad T-Shirt
From $27.99 $39.99


Go
APR MAY JUN
09
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
WOODEN SPOON SURVIVOR
BALBOA V. CREED 76 PHILADELPHIA, PENN. JANUARY 1, 1976
SAVE FERRIS
THUNDERCATS
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Distressed Save Ferris Bueller T-Shirt
From $29.39 $41.99
ThunderCats Logo T-Shirt
From $31.49 $44.99
Quick support


Go
APR MAY JUN
19
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
BALBOA V. CREED 76 PHILADELPHIA, PENN. JANUARY 1, 1976
WOODEN SPOON SURVIVOR
RAD
GEN X
RAISED ON HOSE WATER AND NEGLECT
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Cru Jones Rad T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
Quick support


Go
APR
MAY
JUL
21
2024
2025
2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
BALBOA V. CREED
76
PHILADELPHIA, PENN.
JANUARY 1, 1976
WOODEN SPOON SURVIVOR
RAD
33
GEN X
RAISED ON HOSE WATER AND NEGLECT
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
Cru Jones Rad T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-
Quick support


Go
APR
MAY
JUL
28
2024
2025
2026
About this capture
30% OFF Sitewide!
Top Sellers
BALBOA V. CREED
76
PHILADELPHIA, PENN.
JANUARY 1, 1976
WOODEN SPOON SURVIVOR
MY WIFE BEATS ME
RAD
33
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
From $27.99 $39.99
My Wife Beats Me T-Shirt
From $31.49 $44.99
Cru Jones Rad T-Shirt
From $27.99 $39.99
Quick support


Go
MAY JUN JUL
16
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
Cru Jones Rad T-Shirt
From $27.99 $39.99
Top Dad T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $27.99 $39.99
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
Quick support
v.80stees.com/products/bicentennial-superfight-balboa-v-creed-rocky-t-shirt


Go
MAY JUN JUL
17
2024 2025 2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
Cru Jones Rad T-Shirt
From $27.99 $39.99
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $27.99 $39.99
Top Dad T-Shirt
From $27.99 $39.99
Quick support


Go
MAY JUN JUL
20
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
RAD
BICENTENNIAL SUPERFIGHT
BALBOA V. CREED
76
PHILADELPHIA, PENN.
JANUARY 1, 1976
GEN X
RAISED ON HOSE WATER AND NEGLECT
QUINT'S
SHARK FISHING
JAWS
Cru Jones Rad T-Shirt
From $27.99 $39.99
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $27.99 $39.99
Quint's Shark Fishing Jaws T-Shirt
From $27.99 $39.99
Quick support


Go
MAY JUL AUG
01
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
QUINT'S
SHARK FISHING
JAWS
BICENTENNIAL SUPERFIGHT
BALBOA V. CREED
76
PHILADELPHIA, PENN.
JANUARY 1, 1976
RAD
GEN X
RAISED ON HOSE WATER AND NEGLECT
Quint's Shark Fishing Jaws T-Shirt
From $27.99 $39.99
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Cru Jones Rad T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
Quick support


Go
JUN AUG SEP
01
2024 2025 2026
About this capture
Account
30% OFF Sitewide!


Go
JUL AUG SEP
09
2024 2025 2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $27.99 $39.99
My Wife Beats Me T-Shirt
From $31.49 $44.99
Flipping The Bird Lemmy Kilmister & Ozzy
Quick support


Go
JUL AUG SEP
18
2024 2025 2026
About this capture
30% OFF Sitewide!
Top Sellers
MY WIFE BEATS ME
BALBOA V. CREED
76
PHILADELPHIA, PENN.
JANUARY 1, 1976
GEN X
RAISED ON HOSE WATER AND NEGLECT
DUMPSTER FIRE
RESPONSE TEAM
My Wife Beats Me T-Shirt
From $31.49 $44.99
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $27.99 $39.99
Dumpster Fire Response Team T-Shirt
From $31.49 $44.99
Quick support


Go
JUL AUG SEP
22
2024 2025 2026
About this capture
Account
30% OFF Sitewide!


Go
JUL AUG SEP
23
2024 2025 2026
About this capture
Account
30% OFF Sitewide!
Top Sellers
BALBOA V. CREED
76
PHILADELPHIA, PENN.
JANUARY 1, 1976
GEN X
RAISED ON HOSE WATER AND NEGLECT
WOODEN SPOON
SURVIVOR
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
From $27.99 $39.99
Michigan J. Frog Looney Tunes T-Shirt
From $27.99 $39.99
Gen X Raised On Hose Water And Neglect T-Shirt
From $27.99 $39.99
Wooden Spoon Survivor T-Shirt
Quick support


Go
AUG SEP OCT
24
2024 2025 2026
About this capture
Account
30% OFF Sitewide!


Go
SEP OCT NOV
02
2024 2025 2026
About this capture
Account
30% OFF Sitewide!


Go
SEP OCT DEC
31
2024 2025 2026
About this capture
Account
30% OFF Sitewide!


Go
OCT DEC JAN
02
2024 2025 2026
About this capture
Account
30% OFF Sitewide!


Go
DEC JAN FEB
19
2025 2026 2027
About this capture
Account
30% OFF Sitewide!










25. These pricing and advertising practices are deceptive because they lead reasonable consumers to believe that they are receiving a genuine reduction from a bona fide recent, prevailing price or market price. If the higher reference prices are artificial, or if substantially similar promotions are continuously available, the advertised discounts are phantom markdowns rather than genuine bargains.

26. Defendant possesses superior and exclusive access to information concerning the historical prices, transaction data, promotional calendars, and sales volumes for products sold through the Website.

**b. Plaintiff's Purchase of Falsely Advertised Products From the Website**

27. Plaintiff fell victim to Defendant's false advertising and deceptive pricing practices. On or about March 18, 2026, Plaintiff visited the Website and purchased one or more apparel products. Plaintiff paid a total of $115.86 using Apple Pay. The order was designated for shipment by USPS Ground Advantage to Woodland Hills, California. Plaintiff purchased four Bicentennial

Superfight Balboa V. Creed Rocky T-Shirts.

28. Defendant represented to Plaintiff that the regular, market or prevailing prices for these products were $159.96 and that Plaintiff was receiving a discount of $55.98.

29. During the purchase process, Defendant displayed the purchased product or products with higher reference prices, or presented a percentage or dollar discount from Defendant's stated regular prices, creating the impression that Plaintiff was receiving a genuine and substantial discount. Below are screenshots representative of what Plaintiff saw on the Website at the time of his purchase:






30. Plaintiff read and relied on Defendant's pricing and discount representations before completing the purchase. Those representations were material to his decision to buy and to the amount he was willing to pay.

31. Plaintiff reasonably understood that the higher stated prices were bona fide regular, original, or former prices at which Defendant had recently offered or sold the products, and that the advertised discount represented genuine savings available for a limited time.

32. Based on Defendant's representations, Plaintiff understood that the reference prices reflected the ordinary or prevailing value of the products, that he would receive the advertised difference between those prices and the prices charged, and that the products would return to the higher prices after the promotion ended.

33. The truth, however, was that the products Plaintiff purchased were not marked down by the represented amounts, or at least that the amounts of the reductions were materially exaggerated, because Defendant had not offered or sold the products at the higher reference prices for a reasonably substantial period in the recent, regular course of business.




ucts/bicentennial-superfight-balboa-v-creed-rocky-t-shirt
Go
MAR APR NOV
26
2024 2025 2026
About this capture
30% OFF Sitewide!
80s Movies > Rocky > Sylvester Stallone
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
Product Sku: ROC443
Bicentennial Superfight Balboa V. Creed Rocky T-Shirtmain product image
Select Your Size:
View Size Chart
S M L XL 2XL
30% OFF!
From $27.99 $39.99


cts/bicentennial-superfight-balboa-v-creed-rocky-t-shirt
Go
APR NOV JAN
16
2024 2025 2026
About this capture
80s Movies > Rocky > Sylvester Stallone
Bicentennial Superfight Balboa V. Creed Rocky T-Shirt
Product Sku: ROC443
BICENTENNIAL SUPERFIGHT
BALBOA V. CREED
76
Select Your Size:
View Size Chart
S M L XL 2XL
30% OFF!
From $27.99 $39.99
Pay in 4 interest free payments of just $9.99 with
afterpay
More info
Quick support







34. Defendant knew its own historical selling prices, promotion schedules, and transaction data. Defendant nevertheless used the challenged reference prices and discounts to increase sales and profits by leading consumers to believe that they were purchasing products at

substantial reductions.

35. Defendant thereby induced Plaintiff and other consumers to purchase products they otherwise would not have purchased, or to pay more than they otherwise would have paid if Defendant had accurately disclosed its ordinary selling prices and the true value of the promotions.

36. Plaintiff would not have purchased the products, or at minimum would not have paid as much as he did, had Defendant truthfully represented the products' regular prices and the existence and amount of the advertised discounts.

37. Plaintiff was harmed because Defendant's misrepresentations were a substantial factor in causing him to complete the transaction and pay money for the products.

38. Plaintiff would not have paid as much for the products had he received complete and truthful information about Defendant's reference prices and promotions. Plaintiff is entitled to damages or restitution measured at least by the price premium attributable to the deceptive pricing representations.

39. Plaintiff was also harmed because the products he received were worth less than the value he received and the value Defendant represented through its comparison prices and purported discounts.

40. Plaintiff was further harmed because he did not receive the expected discount or benefit of the bargain that Defendant advertised. Defendant offered products represented as having specified regular or comparison prices and promised to sell them at genuine reductions from those prices.

41. Defendant's stated reference prices and promised discounts were specific and material terms of the transaction and affirmations of fact about the products and their value. Plaintiff performed by paying for the products. Defendant breached the parties' agreement and express warranties by failing to provide products with the represented ordinary or prevailing value and by failing to provide the promised discounts.

42. Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law. A legal

remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. For example, Plaintiff's FAL claim under Section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months. Cal. Bus. & Prof. Code § 17501. Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under the FAL, while not being able to prove one or more elements of his legal claims. Further, obtaining a full refund at law is less certain than obtaining a refund in equity.

43. Furthermore, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

44. The effectiveness of deceptive reference pricing is supported by longstanding scholarly research. In *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013), the Ninth Circuit recognized that misinformation about a product's normal price can be significant to consumers and that false discounts can affect perceived value and willingness to buy.

45. Professors Compeau and Grewal reached similar conclusions in a 2002 article: "decades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal." Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Believe It Or Not*, J. of Consumer Affairs, Vol. 36, No. 2, at 287 (Winter 2002). The professors also found that "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high." *Id.*

46. In another scholarly publication, Professors Joan Lindsey-Mullikin and Ross D. Petty concluded that "[r]eference price ads strongly influence consumer perceptions of value…Consumers often make purchases not based on price but because a retailer assures them that a deal is a good bargain. This occurs when . . . the retailer highlights the relative savings compared with the prices of competitors . . . [T]hese bargain assurances (BAs) change consumers' purchasing behavior and may deceive consumers." Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics*

*Discouraging Price Search: Deception and Competition*, 64 J. of Bus. Research 67 (January 2011).

47. Similarly, according to Professors Praveen K. Kopalle and Joan Lindsey-Mullikin, "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions." Praveen K. Kopalle & Joan Lindsey-Mullikin, *The Impact of External Reference Price On Consumer Price Expectations*, 79 J. of Retailing 225 (2003).

48. The results of a 1990 study by Professors Jerry B. Gotlieb and Cyndy Thomas Fitzgerald, came to the conclusion that "reference prices are important cues consumers use when making the decision concerning how much they are willing to pay for the product." Jerry B. Gotlieb & Cyndy Thomas Fitzgerald, *An Investigation Into the Effects of Advertised Reference Prices On the Price Consumers Are Willing To Pay For the Product*, 6 J. of App'd Bus. Res. 1 (1990). This study also concluded that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price." *Id.*

49. The clear inference to be drawn from this research and the Ninth Circuit's opinion in *Hinojos* is that the deceptive advertising through the use of false reference pricing employed here by Defendant is intended to, and does in fact, influence customer behavior—as it did Plaintiff's purchasing decision here—by artificially inflating customer perceptions of a given product's value and causing customers to spend money they otherwise would not have, purchase products and items they otherwise would not have, and/or spend more money for a product or service than they otherwise would have absent the deceptive advertising.

## VI. CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action individually and as a representative of all those similarly situated, on behalf of the below-defined class:

> <u>California Class:</u> All persons who, while in the State of California, purchased one or more products or services from Defendant at a stated discount from a higher reference price during the period from four years preceding the filing of this Complaint through the present (the "Class Period").
>
> <u>Nationwide Class:</u> All persons in the United States who purchased one or more products from Defendant at a stated discount from a higher reference price during

the Class Period.

51. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions stated above, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, among other things, changing circumstances, or new facts obtained during discovery.

53. This case is appropriate for class treatment because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

54. **Numerosity.** The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but on information and belief, Plaintiff alleges that there are thousands of members of the Class.

55. **Typicality.** Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described herein.

56. **Adequacy of Representation.** Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are experienced in the handling of complex litigation and class actions, and Plaintiff and his counsel intend to prosecute this action vigorously.

57. **Existence and Predominance of Common Questions of Law or Fact.** Common

questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

(a) Whether, during the Class Period, Defendant advertised false "regular" prices for products offered on the Website.

(b) Whether, during the Class Period, Defendant advertised price discounts from false reference prices for products offered on the Website.

(c) Whether the products advertised by Defendant during the Class Period were offered at their reference prices for any reasonably substantial period of time prior to being offered at prices that were purportedly discounted.

(d) Does Defendant's deceptive pricing scheme using false reference prices constitute an "unlawful," "unfair," or "fraudulent" business practice in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, et seq.?

(e) Does Defendant's deceptive pricing scheme using false reference prices constitute "unfair, deceptive, untrue or misleading advertising" in violation of the California Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et seq*.?

(f) Does Defendant's deceptive pricing scheme using false reference prices constitute false advertising in violation of the California False Advertising Law under Business & Professions Code section 17500, *et seq*.?

(g) Does Defendant's deceptive pricing scheme using false reference prices constitute a violation of the California Consumer Legal Remedies Act California Civil Code §§1750, *et seq*.?

(h) Whether Defendant's use of fictitious "regular" prices on products during the Class Period constitutes false representations.

(i) Whether and when Defendant knew or learned that "regular" prices on products during the Class Period were false representations.

(j) Whether and to what extent Defendant benefited from using false reference prices.

(k) Whether Defendant's use of false reference prices on products during the Class Period was material.

(l) Whether Defendant had a duty to disclose that the reference prices were not bona fide regular or former prices and that the advertised discounts were not genuine.

(m) To what extent did Defendant's conduct cause, and continue to cause, harm to the class members?

(n) Whether the members of the class are entitled to damages and/or restitution.

(o) Whether Defendant's conduct was undertaken with conscious disregard of the rights of the members of the class and was done with fraud, oppression, and/or malice.

58. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the class is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every member of the class could afford individual litigation, the adjudication of at least thousands of identical claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the members of the class. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual members of the class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other members of the class who are not parties to such adjudications, or that would substantially impair or impede the ability of such non-party members of the class to protect their interests.

59. **Ascertainability**. On information and belief, Defendant maintains computerized records of its sales and customers, including customer orders, order histories, customer profiles, promotions, discount codes, and contact information. Those records can be used to identify class members and disseminate notice consistent with due process.

## VII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**(CAL. BUS. & PROF. CODE §17200, *et seq.*)**
**(By Plaintiff Against Defendant on Behalf of the California Class)**

60. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

61. Plaintiff brings this cause of action on behalf of himself and the California Class.

62. California Business and Professions Code section 17200 *et seq*., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" as well as "unfair, deceptive, untrue or misleading advertising."

63. A cause of action may be brought under the "unlawful" prong of the UCL if a practice violates another law. Such an action borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under the UCL.

64. By engaging in false advertising and the false, deceptive, and misleading conduct alleged above, Defendant has engaged in unlawful business acts and practices in violation of the UCL, including violations of 15 U.S.C. § 45(a)(1), 16 C.F.R. § 233.1, California Business and Professions Code sections 17500 and 17501, and California Civil Code sections 1770(a)(9) and 1770(a)(13).

65. The Federal Trade Commission Act ("FTCA") prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" 15 U.S.C. § 45(a)(1). Under FTC regulations (16 CFR 233, *et seq.*), false former pricing schemes similar to the ones employed by Defendant, are deceptive practices that would violate the FTCA:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction

> from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.
>
> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.
>
> (c) The following is an example of a price comparison based on a fictitious former price. John Doe is a retailer of Brand X fountain pens, which cost him $5 each. His usual markup is 50 percent over cost; that is, his regular retail price is $7.50. In order subsequently to offer an unusual "bargain," Doe begins offering Brand X at $10 per pen. He realizes that he will be able to sell no, or very few, pens at this inflated price. But he doesn't care, for he maintains that price for only a few days. Then he "cuts" the price to its usual level—$7.50—and advertises: "Terrific Bargain: X Pens, Were $10, Now Only $7.50!" This is obviously a false claim. The advertised "bargain" is not genuine.
>
> (d) Other illustrations of fictitious price comparisons could be given. An advertiser might use a price at which he never offered the article at all; he might feature a price which was not used in the regular course of business, or which was not used in the recent past but at some remote period in the past, without making disclosure of that fact; he might use a price that was not openly offered to the public, or that was not maintained for a reasonable length of time, but was immediately reduced.

16 C.F.R. § 233.1. The FTCA also prohibits the pricing scheme employed by Defendant regardless of whether the product advertisement and representations use the words "regular," "original," or "former" price:

> (e) If the former price is set forth in the advertisement, whether accompanied or not by descriptive terminology such as "Regularly," "Usually," "Formerly," etc., the advertiser should make certain that the former price is not a fictitious one. If the former price, or the amount or percentage of reduction, is not stated in the advertisement, as when the ad merely states, "Sale," the advertiser must take care that the amount of reduction is not so insignificant as to be meaningless. It should be sufficiently large that the consumer, if he knew what it was, would believe that a genuine bargain or saving was being offered. An

> advertiser who claims that an item has been "Reduced to $9.99," when the former price was $10, is misleading the consumer, who will understand the claim to mean that a much greater, and not merely nominal, reduction was being offered.

16 C.F.R. § 233.1(e).

66. California law also expressly prohibits false former pricing schemes like the one employed by Defendant. California Business & Professions Code section 17501, entitled "Worth or value; statements as to former price," states as follows:

> For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.
>
> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

67. Defendant's conduct also violates the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code sections 1750 et seq., including the prohibition on "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(13).

68. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

69. Here, Defendant's actions constitute "unfair" business acts or practices because, as alleged above, Defendant engaged in a misleading and deceptive pricing scheme by advertising and representing false "regular" prices and thereby falsely advertising and representing markdowns or "discounts" that were false and inflated. Defendant's deceptive marketing practice gave consumers the false impression that Defendant's products were regularly sold on the market for a substantially higher price in the recent past than they actually were and thus led to the false impression that Defendant's products were worth more than they actually were.

70. Defendant's recurring pricing and promotional practices caused consumers to believe that its higher reference prices were genuine and that its advertised discounts reflected meaningful, temporary savings.

71. Defendant's acts and practices thus offended an established public policy, and Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

72. The harm to Plaintiff and members of the Class outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the misleading and deceptive conduct described herein.

73. A business act or practice is "fraudulent" within the meaning of the UCL if members of the public are likely to be deceived.

74. Members of the public are likely to be deceived by Defendant's conduct as alleged above. Defendant affirmatively represented higher reference prices and corresponding discounts, which led consumers to believe that the products were worth more and were being sold at substantially reduced prices.

75. Defendant had a duty to disclose the truth about its pricing practices. Defendant had a duty to disclose that the advertised reference prices were not prices at which the products had been offered or sold for a reasonably substantial period in the recent past and that substantially similar discounts were continuously or nearly continuously available. Defendant concealed this material information from consumers and the public.

76. Plaintiff and each member of the California Class suffered an injury in fact and lost money or property as a result of Defendant's unlawful, unfair, and/or fraudulent business practices, and as a result of Defendant's unfair, deceptive, untrue or misleading advertising.

77. Plaintiff and each member of the California Class were harmed by Defendant's conduct alleged herein, because Plaintiff and each member of the California Class would not have made their purchases or would not have paid as much as they did but for Defendant's misrepresentations.

78. Defendant was unjustly enriched by its misrepresentations because they induced Plaintiff and the California Class to make purchases they otherwise would not have made or to pay more than they otherwise would have paid.

79. Plaintiff and each member of the California Class were harmed because the value they received from Defendant's falsely advertised products was less than the money they paid.

80. Plaintiff and members of the California Class lack an adequate remedy at law.

81. Plaintiff, on behalf of himself and the members of the California Class, seeks restitution and disgorgement of all moneys received by Defendant through the conduct described above.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**
**(CAL. BUS. & PROF. CODE §17500, *et seq*.)**
**(By Plaintiff Against Defendant on Behalf of the California Class)**

82. Plaintiff restates the foregoing paragraphs as if fully set forth herein.

83. Plaintiff brings this cause of action on behalf of himself and the California Class.

84. The FAL provides:

> It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised.

Cal. Bus. & Prof. Code §17500.

85. Another section of the FAL provides that "no price shall be advertised as a former

price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

86. Defendant disseminated false or misleading reference prices and discount representations on the Website, including to Plaintiff. Defendant rarely, if ever, offered or sold the relevant products at the higher reference prices for a reasonably substantial period, including within the three months immediately preceding the challenged advertisements. Defendant thereby led reasonable consumers to believe that the higher prices were genuine former or prevailing prices and that the lower prices reflected real and substantial discounts.

87. Defendant knew, or by the exercise of reasonable care should have known, that its reference-price and discount representations were untrue or misleading. Defendant controlled the Website and possessed its own pricing, promotion, and sales records.

88. Defendant's use of recurring promotions, higher comparison prices, and statements concerning the amount or duration of purported discounts was likely to mislead reasonable consumers about the ordinary prices and market value of the products.

89. As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the California Class have suffered injury in fact and have lost money.

90. Plaintiff and members of the California Class were harmed by Defendant's false and misleading advertising, because Plaintiff and each member of the California Class would not have made their purchase or would not have paid as much as they did but for Defendant's misrepresentations.

91. Plaintiff and members of the California Class were harmed because the value they received from Defendant's falsely advertised products was less than the money they paid.

92. Defendant was unjustly enriched by its misrepresentations, because those misrepresentations induced Plaintiff and members of the California Class to make purchases they

otherwise would not have made or pay more for those purchases than they otherwise would have paid.

93. Plaintiff and members of the California Class lack an adequate remedy at law.

94. Plaintiff requests that the Court order Defendant to restore money obtained from Plaintiff and the California Class through the challenged practices and enjoin Defendant from continuing its false and misleading advertising practices. Without such relief, Plaintiff, the California Class, and the public will be denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**FRAUD (INTENTIONAL MISREPRESENTATIONS)**
**(By Plaintiff Against Defendant on Behalf of the California Class)**

95. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

96. Plaintiff brings this cause of action on behalf of himself and the California Class.

97. Defendant uniformly represented to members of the California Class during the Class Period, in connection with products advertised on the Website, that the regular or comparison prices were higher than the offered prices. Defendant made these representations by displaying higher reference prices, stating percentage or dollar reductions, or using promotional pricing formats that represented the offered prices as genuine markdowns.

98. Defendant's reference price representations are false. Among other things, Defendant's representations conveyed false information about the products Plaintiff and the California Class purchased, namely that the products they purchased had sold in the recent past for a reasonably substantial period of time at the higher reference price displayed on Defendant's Website and/or in the prevailing market. The truth is that Defendant rarely, if ever, previously offered for sale and/or sold those products at the higher reference price for any reasonably substantial period of time.

99. Defendant knew that its representations were false when it made them, or at the very least, it made the representations recklessly and without regard for their truth. In other words, Defendant knew that the products Plaintiff and the California Class purchased had rarely, if ever, sold at the substantially higher reference price displayed on the Website in the recent past and/or

in the prevailing market.

100. Defendant's representations were made with the intent that Plaintiff and the California Class rely on the false representations and spend money they otherwise would not have spent, purchase products they otherwise would not have purchased, and/or spend more money for a service or product than they otherwise would have absent the deceptive marketing scheme.

101. Defendant engaged in this fraud to the Plaintiff and the California Class's detriment in order to increase Defendant's own sales and profits.

102. Plaintiff and the California Class reasonably relied on Defendant's representations.

103. Absent Defendant's misrepresentations, Plaintiff and the California Class would not have purchased the products they purchased from Defendant, or, at the very least, they would not have paid as much for the products as they ultimately did. Plaintiff and the California Class's reliance was a substantial factor in causing them harm.

104. Further, Plaintiff and each member of the California Class was harmed by Defendant's use of false reference prices, because they did not receive the expected discount or benefit-of-the bargain advertised by Defendant.

105. As a direct and proximate result of the above, Plaintiff and the California Class have suffered damages in an amount to be proven at trial.

106. Defendant undertook the aforesaid illegal acts intentionally or with conscious disregard of the rights of Plaintiff and the California Class, and did so with fraud, malice, and/or oppression.

107. Based on the allegations above, Defendant's actions constituted fraud because Defendant intended to and did deceive and injure Plaintiff and the California Class.

108. Based on the allegations above, Defendant's actions constituted malice because Defendant acted with the intent to and did cause injury to Plaintiff and the California Class, and also because Defendant's deceptive conduct was despicable and was done with a willful and knowing disregard of the rights of Plaintiff and the California Class.

109. Based on the allegations above, Defendant's actions constituted oppression because

Defendant's deceptive conduct was despicable and subjected Plaintiff and the Class to cruel and unjust hardship in knowing disregard of their rights.

**FOURTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(By Plaintiff Against Defendant on Behalf of the Nationwide Class)**

110. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

111. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Class.

112. Plaintiff and class members entered into contracts with Defendant when they placed orders to purchase products on the Website.

113. The contracts provided that Plaintiff and class members would pay Defendant for the products ordered.

114. The contracts further required that Defendant provide Plaintiff and class members with products that have a market value equal to the regular prices displayed on the Website, and the discount equal to the difference between the price paid, and the regular prices advertised. These were specific and material terms of the contract.

115. Plaintiff and class members paid Defendant for the products they ordered, and satisfied all other conditions of their contracts.

116. Defendant breached its contracts with Plaintiff and class members by failing to provide products having the represented ordinary or prevailing value and by failing to provide the promised discounts.

117. As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

118. For the breach of contract claims, Plaintiff seeks all damages available including expectation damages or damages measured by the price premium charged to Plaintiff and the Class as a result of Defendant's breach.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF EXPRESS WARRANTY**
**(By Plaintiff Against Defendant on Behalf of the Nationwide Class)**

119. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

120. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Class.

121. Defendant, as the marketer, distributor, supplier, and/or seller of its products, issued material, written warranties by advertising that the products offered for sale on the Website had a prevailing market value equal to the reference price. This was an affirmation of fact about the products (i.e., a representation about the market value) and a promise relating to the goods.

122. This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

123. In fact, Defendant's stated market values were not the prevailing market values. Thus, the warranty was breached.

124. Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased the products if they had known that the warranty was false, (b) they overpaid for the products because the products were sold at a price premium due to the warranty, and/or (c) they did not receive the products as warranted that they were promised.

125. For the breach of express warranty claims, Plaintiff seeks all damages available including expectation damages or damages measured by the price premium charged to Plaintiff and the subclass as a result of Defendant's breach.

**SIXTH CLAIM FOR RELIEF**
**QUASI-CONTRACT/UNJUST ENRICHMENT**
**(By Plaintiff Against Defendant on Behalf of the Nationwide Class)**

126. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

127. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California

Class.

128. As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase Defendant's products and to pay a price premium for these products.

129. In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

130. Plaintiff and the class seek restitution, and in the alternative, rescission.

131. For the quasi-contract/unjust enrichment claims, Plaintiff seeks all available equitable relief, including disgorgement, and restitution in the form of a full refund and/or measured by the price premium charged to Plaintiff and the Class as a result of Defendant's unlawful conduct.

**SEVENTH CLAIM FOR RELIEF**
**NEGLIGENT MISREPRESENTATION**
**(By Plaintiff Against Defendant on Behalf of the Nationwide Class)**

132. Plaintiff restates and re-alleges the foregoing paragraphs as if fully set forth herein.

133. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class. In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Class.

134. As alleged above, Defendant made false representations to Plaintiff and class members concerning regular prices, reference prices, promotional discounts, and the amount and duration of purported savings.

135. When Defendant made these misrepresentations, it knew or should have known they were false and lacked reasonable grounds for believing they were true. Defendant tracks its own prices, promotions, sales, and transactions and therefore knows the prices consumers ordinarily pay.

136. Defendant intended that Plaintiff and class members rely on these representations and Plaintiff and class members read and reasonably relied on them.

137. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in

deciding whether to buy Defendant's products.

138. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

139. Plaintiff and the Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the products had they known that the representations were false, (b) they overpaid for the products because the products were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received products with market values lower than the promised market values.

140. Plaintiff seeks all damages available, including expectation damages.

## VIII. PRAYER FOR RELIEF

141. WHEREFORE, Plaintiff prays for judgment against Defendant on behalf of himself and those similarly situated as follows:

**ON THE FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE §§17200 *et seq.*)**

A. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

B. For an award of restitution and disgorgement of moneys paid that Defendant obtained as a result of its unlawful, unfair, and fraudulent business practices, and as a result of its unfair, deceptive, untrue, and misleading advertising, all as described above.

C. For an award of equitable and declaratory relief.

D. For pre and post judgment interest and costs of suit incurred herein.

E. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

F. For such other and further relief as the Court may deem just and proper.

**ON THE SECOND CLAIM FOR RELIEF FOR VIOLATIONS OF THE FALSE ADVERTISING LAW (CAL. BUS. & PROF. CODE §§17500 *et seq.***

G. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

H. For an award of restitution and disgorgement of money Defendant obtained as a result of its unlawful, unfair, and fraudulent business practices and its unfair, deceptive, untrue, and misleading advertising, as alleged above.

I. For an award of equitable and declaratory relief.

J. For pre and post judgment interest and costs of suit incurred herein.

K. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

L. For such other and further relief as the Court may deem just and proper.

**ON THE THIRD CLAIM FOR RELIEF FOR FRAUD (AFFIRMATIVE MISREPRESENTATIONS)**

M. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

N. For rescission and revocation.

O. For compensatory damages in an amount to be proven at trial.

P. For punitive damages in an amount sufficient to punish Defendant and to deter it from engaging in wrongful conduct in the future.

Q. For pre and post judgment interest and costs of suit incurred herein.

R. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

S. For such other and further relief as the Court may deem just and proper.

**ON THE FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT**

T. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class

counsel.

U. For compensatory damages in an amount to be proven at trial.

V. For pre and post judgment interest and costs of suit incurred herein.

W. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

X. For such other and further relief as the Court may deem just and proper.

**ON THE FIFTH CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY**

Y. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

Z. For compensatory damages in an amount to be proven at trial.

AA. For pre and post judgment interest and costs of suit incurred herein.

BB. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

CC. For such other and further relief as the Court may deem just and proper.

**ON THE SIXTH CLAIM FOR RELIEF FOR QUASI-CONTRACT/UNJUST ENRICHMENT**

DD. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

EE. For restitution in an amount to be proven at trial.

FF. For rescission and revocation.

GG. For pre and post judgment interest and costs of suit incurred herein.

HH. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

II. For such other and further relief as the Court may deem just and proper.

**ON THE SEVENTH CLAIM FOR RELIEF FOR NEGLIGENT MISREPRESENTATION**

JJ. For an order certifying that the action be maintained as a class action, that Plaintiff be designated the class representative, and that undersigned counsel be designated as class counsel.

KK. For rescission and revocation.

LL. For compensatory damages in an amount to be proven at trial.

MM. For pre and post judgment interest and costs of suit incurred herein.

NN. For attorneys' fees incurred herein pursuant to California Code of Civil Procedure section 1021.5, or to the extent otherwise permitted by law.

OO. For such other and further relief as the Court may deem just and proper.

Dated: September 14, 2026

BEN-MEIR LAW GROUP

By: /s/ David Ben-Meir
David Ben-Meir

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all triable issues.

Dated: September 14, 2026

BEN-MEIR LAW GROUP

By: /s/ David Ben-Meir
David Ben-Meir

Attorneys for Plaintiff